UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
BKNS MANAGEMENT LLC, *derivatively on* :
*behalf of* ABBSON LLC, :
: 24-CV-5581 (JAV)
Plaintiff, :
: OPINION AND ORDER
-v- :
:
MESSNER REEVES, LLP, CLEARWATER :
PREMIERE PERPETUAL MASTER LLC, :
JONATHAN WRIGHT, TORBEN WELCH, and :
TITAN FINANCIAL, LLC, :
:
Defendants. :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff BKNS Management, LLC ("Plaintiff") filed an Amended Complaint on November 13, 2024, purporting to bring derivative claims on behalf of Abbson LLC ("Abbson"), under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and common law against Defendants. ECF No. 32. On July 25, 2024, Abbson filed a lawsuit in the United States District Court for the District of Utah, Civil Action No. 2:24-cv-00520-DBB-DBP (the "Utah Action"), in which Abbson, along with other plaintiffs, brought RICO claims on its own behalf against Defendants Messner Reeves, LLP, and Torben Welch, amongst others. *See* ECF No. 36, Ex. A. The Utah suit was dismissed with prejudice on May 6, 2025. *See* ECF No. 40, Ex. C (the "Utah Order").

On July 18, 2025, this Court dismissed the above-captioned case pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure. ECF No. 41 (the

"July 18 Opinion"). The Court held that Plaintiff could not meet the standards for initiating a derivative action, as Abbson had not only agreed to bring suit on its own behalf but had actually instituted the Utah Action. *Id.*

Before the Court now is Plaintiff's Motion to Alter the Judgment issued in the Court's July 18 Opinion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 42. In the alternative, Plaintiff requests that the Court provide relief from the July 18 Opinion under Rules 60(b)(2) and (6). For the reasons that follow, Plaintiff's motion is DENIED.

## DISCUSSION

The Court assumes familiarity with the facts and history of this case. *See BKNS Mgmt. LLC on behalf of Abbson LLC v. Messner Reeves, LLP*, No. 24-CV-5581 (JAV), 2025 WL 2022590 (S.D.N.Y. July 18, 2025).

### A. Rule 59 Motion

A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is only timely if made within 28 days from the entry of the judgment. *Banister v. Davis*, 590 U.S. 504, 507-08 (2020). Under the rule, the district court generally only reconsiders matters "properly encompassed in a decision on the merits." *Chen v. Hunan Manor Enter., Inc.*, No. 17 Civ. 802 (GBD) (GWG), 2024 WL 3344672, at *2 (S.D.N.Y. July 8, 2024) (citation omitted). "In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 590 U.S. at 508; *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012),

*as amended* (July 13, 2012) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" (cleaned up)).  "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (cleaned up).  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (quotation marks omitted).  Rule 59(e) motions are "extraordinary remedies to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (cleaned up).

      Plaintiff does not meet its heavy burden to establish that the requirements of Rule 59(e) are met.  Plaintiff submits that the Utah Order is "just such a decision that is expected to alter the conclusion reached by this Court in dismissing BKNS's action." ECF No. 43 ("Pl. Mem.") at 4.  The Utah Order, however, is neither new evidence nor a new controlling decision that the Court overlooked.  Indeed, the Utah Action and the Utah Order were central to this Court's analysis of whether Abbson had wrongfully refused to take action in response to Plaintiff's demand, as would be

required in order to permit Plaintiff to bring a derivative action. *See* July 18 Opinion at 12-14. Despite Plaintiff's protests, it is irrelevant that the dismissal of the Utah Action occurred after Defendants submitted their motion to dismiss in this litigation. *See* ECF No. 45 ("Reply") at 2.

In its reply brief, Plaintiff attempts to rest its motion on the need to "prevent manifest injustice." *Id.* Manifest injustice can be demonstrated if the district court has committed an error "that is direct, obvious, and observable." *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, Nos. 15 Civ. 2739 (LAP), 16 Civ. 8569 (LAP), 2023 WL 3625784, at *1 (S.D.N.Y. May 24, 2023) (quotations and citations omitted). Plaintiff has not identified any such error.

Plaintiff primarily argues that the Utah Action did not raise "legitimate" claims, as evidenced by the Utah federal district court's dismissal of the action due to lack of jurisdiction. Reply at 2-3. Specifically, Plaintiff argues that the Utah Action named "fictitious defendants and a RICO claim that identifies a fictitious RICO enterprise," and thus cannot be considered a valid attempt by Abbson to vindicate its claim. Pl. Mem. at 4. But Plaintiff never once suggested in opposition to the motion to dismiss that the Utah Action did not name the correct defendants or raise valid claims. ECF No. 37. Rather, Plaintiff argued only that the Utah Action was a nullity because it was filed the day after the instant suit. ECF No. 37 at 8-9. Having failed to make this argument in opposition to the motion to dismiss, it cannot now form the basis for a motion under Rule 59(e).

Even if this argument had been made, however, Rule 23.1 does not require the "desired action[s] from [ ] directors or comparable authority" after a demand to be a *successful* action. Fed. R. Civ. P. 23.1(b)(3). Abbson's tactical decisions regarding the litigation "falls squarely within the embrace of the business judgment doctrine, involving as it did the weighing and balancing of legal, ethical, commercial, promotional, public relations, fiscal and other factors familiar to the resolution of many if not most corporate problems." *Auerbach v. Bennett*, 393 N.E.2d 994, 1002 (1979). New York's business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes." *Id.* at 1000. Plaintiff nowhere alleged that the Utah Action was commenced in bad faith or shown in any other way that Abbson's actions violated the business judgment doctrine.

### B. Rule 60(b) Motion

Plaintiff is also not entitled to relief under Rule 60. Under Federal Rule of Civil Procedure 60(b), the court may provide relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2), (b)(6). The provision in Rule 60 is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (cleaned up). "The standard for granting motions pursuant

to Rule 60(b) is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Schlafman v. State Univ. of N.Y.*, 541 F. App'x 91, 92 (2d Cir. 2013) (quoting *Shrader*, 70 F.3d 255 at 257). Relief is not available where the Rule 60(b) motion "seeks only to relitigate issues already decided." *United States v. Meiri*, No. 15 Cr. 627 (ER), 2024 WL 231458, at *2 (S.D.N.Y. Jan. 22, 2024) (citation omitted).

Once again, Plaintiff fails to provide any new evidence or controlling decisions that the Court overlooked in issuing the July 18 Opinion. Despite Rule 60(b)(6)'s conferral of "broad discretion on the trial court to grant relief when appropriate to accomplish justice," *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quotations and citations omitted), there are no "exceptional circumstances" here that require such relief. A Rule 60 motion cannot be "used as a substitute for appeal." *Id.* (quotations and citations omitted).

## CONCLUSION

Accordingly, Plaintiff's Motion to Alter or Amend Judgment is DENIED. The Clerk of the Court is respectfully directed to terminate ECF No. 42.

SO ORDERED.

Dated: October 10, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge